NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2794
_____

BANK OF NEW YORK MELLON, FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC.,
ALTERNATIVE LOAN TRUST 2006-0A10 MORTGAGE PASS-THROUGH
CERTIFICATES SERIES 2006-0A10

v.

MARK MAZZA; LISA MAZZA,
                    Appellants

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:17-cv-05453)
District Judge:  Honorable Judge Juan R. Sánchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2025

Before:  SHWARTZ, MONTGOMERY-REEVES, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: May 16, 2025)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark and Lisa Mazza appeal pro se from the District Court's orders denying their motion to extend the time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5) and their motion for reconsideration. For the following reasons, we will affirm.

In May 2023, the District Court granted summary judgment to Appellee Bank of New York Mellon (BNYM) in the underlying ejectment action, and we affirmed. See Bank of N.Y. Mellon v. Mazza, No. 23-2168, 2024 WL 4164622 (3d Cir. Sept. 12, 2024). In May 2024, the Mazzas filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The District Court denied that motion by order entered June 4, 2024. Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(A), the Mazzas had 30 days to appeal from that judgment. However, because the 30th day fell on a legal holiday, the time for filing their notice of appeal expired on July 5, 2024. See Fed. R. Civ. P. 16(a)(1)(C). The Mazzas filed their notice of appeal on July 7, 2024, two days late.

The Mazzas filed a timely motion to extend the time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). The District Court denied the motion, and their subsequent motion for reconsideration. This appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a Rule 4(a)(5) motion for abuse of discretion. See Ragguette v. Premier Wines and Spirits, 691 F.3d 315, 322 (3d Cir. 2012) ("The district court abuses its discretion if its decision [regarding a 4(a)(5) motion] rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact.").

2

A district court may extend the time to file a notice of appeal upon a showing of "excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(ii). The Mazzas argued that an extension of time was warranted because the District Court's order was entered on June 4, but not mailed until June 5, 2024, and they "misappl[ied]" Federal Rule of Civil Procedure 6(d), believing that it allowed them three additional days to file the notice of appeal. They also asserted that they were on a "preplanned" vacation at the time the notice of appeal was due.

We find no clear error with the District Court's equitable analysis or its determination that these circumstances do not establish excusable neglect or good cause for relief. See Ragguette, 691 F.3d at 324 (noting that the determination of what constitutes excusable neglect is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission). First, the time to appeal runs from the entry of the District Court's order and not its mailing. See Fed. R. App. P. 4(a)(1)(A); Fed. R. Civ. P. 77(d)(2) (providing that lack of notice of entry of the order does not affect the time to appeal). Second, as the District Court noted, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" Ragguette, 691 F.3d at 324. In their motion for reconsideration, and on appeal, the Mazzas allege that they were "misled" regarding the applicability of Rule 6(d) by an "out of state paralegal." ECF No. 91 at 1. But a movant is "accountable for the acts and omissions of their chosen counsel," and the Mazzas have not shown that the error was

3

excusable.[1] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993). Finally, the Mazzas admit that they received a copy of the order on June 8, 2024, and their vacation, weeks later, was within their control. See Ragguette, 691 F.3d at 324 (noting that a court should consider whether the reason for the delay was within the reasonable control of the movant).

Based on the foregoing, the District Court did not clearly err in denying the Rule 4(a)(5) motion or the motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (noting that the purpose of a Rule 59(e) motion "is to correct manifest errors of law or fact or to present newly discovered evidence" (citation omitted)). Accordingly, we will affirm the District Court's judgment.

---

[1] Appellants' argument that they were "lacking interpretation of the notice of appeal rules," and were unable "to assess, analyze and interpret rules of the court and case law" lacks good faith as they acknowledge that Mark Mazza is "a former attorney dating back to 2000." Appellants' Br. at 7, 10.